UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:20-cv-00121-LLK

ZAIRA C. LYON                                                                                                         PLAINTIFF

v.

ANDREW SAUL, Acting Commissioner of Social Security                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits.  The fact and law summaries of Plaintiff and the Commissioner are at Docket Number ("DN") 19-1 and DN 25.  The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals.  [DN 16].

Because Plaintiff's two arguments are unpersuasive and the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

### Testimony regarding Plaintiff's alleged need to elevate her legs

At the administrative hearing, Plaintiff testified that her legs swell "often" and that she obtains relief by reclining or otherwise elevating her legs above waist level.  [Administrative Record, DN 15 at 59, 72].  However, a closer inspection of Plaintiff's testimony indicates that the swelling would not necessarily prevent 3 hours of standing/walking at a time during the workday, with necessary elevation during normal breaks:

> Question:  [How long can you stand?]
>
> Plaintiff's Answer:  Like I can do three hours of standing and three hours of sitting without it getting to where I just can't – where I have to lay down, I guess is what I'm saying.   [DN 15 at 59].
> …
> Q:  So when you're working [part time] at Walmart … do you have to take a lot of breaks?

> A: I do take a lot of breaks.
>
> Q: Okay. And that's why you said that you had a couple points. Why did you have points? Like what does that mean?
>
> A: When Walmart hires you on you get five points. They do give you a 15-minute break and they give you an hour break for lunch and another 15-minute break. Usually, I will take my 15-minute break a little bit longer than most people, which I've gotten in trouble for.          [DN 15 at 69].

The vocational expert ("VE") testified that there would not be "any jobs that would allow accommodations to elevate legs above the waist throughout the day" or any jobs that would allow "for two or more 15-minute breaks other than what's customarily allowed" (i.e., morning, lunch, and afternoon breaks) to allow the individual to elevate her legs. [DN 15 at 83-84].

The ALJ found that Plaintiff has a residual functional capacity ("RFC") to perform a limited range of light work requiring her to "stand and/or walk for four hours in an eight-hour workday and sit for six hours in an eight-hour workday." [DN 15 at 23]. The ALJ's decision, [DN 15 at 19-28], does not explicitly reference any need for leg elevation during the workday or need for extra breaks to accommodate the need for elevation.

### Plaintiff's first argument is unpersuasive.

First, Plaintiff argues that "the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to properly consider Plaintiff's need to elevate her legs." [DN 19-1 at 11]. The argument is unpersuasive for four reasons.

First, the argument assumes that Plaintiff alleged a need for leg elevation in excess of what would be vocationally acceptable, which the above vocational testimony shows is questionable.

Second, the argument assumes the ALJ failed to consider Plaintiff's allegations. It is just as likely the ALJ accepted Plaintiff's allegations only to the extent they are consistent with the workplace parameters described by the VE, [DN 15 at 83-84], and opted not to say so explicitly in his written decision, [DN 15 at 19-28].

2

Third, the Sixth Circuit has held that an "ALJ was not required to include a limitation for elevating legs in the [ALJ's] RFC because, although there were some treatment records that mentioned leg elevation as a treatment for edema, no physician indicated that Sorrell's edema caused work-related functional limitations, and no medical expert opined that Sorrell would need to elevate her legs to waist level during the workday or even every day." *Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x 162, 170 (6th Cir. 2016). As in *Sorrell*, in this case, no physician opined that Plaintiff needs to elevate her legs during the workday or even every day.[1]

Fourth, the Commissioner persuasively argues that, even if Plaintiff must elevate her legs when they swell, there are only a few instances of edema noted in the record:

> On five occasions between 2017 and 2019, her provider noted that she was having dependent edema when riding for a long time and recommended that she try to move occasionally/constantly (Tr. [DN 15] 535, 557, 838, 852, 862). In March and April of 2016, Plaintiff had lower extremity edema but her provider prescribed her medication and did not instruct her to elevate her legs (Tr. 406-09, 411). Shortly, by her June 2016 visit, Plaintiff did not have any extremity edema (Tr. 424). In October 2018, Plaintiff's provider noted that she had bilateral lower extremity edema since she started working a new job two weeks prior (Tr. 736-39). She again had edema in November 2018 (Tr. 743, 748, 1186). In January 2019, Plaintiff had lower extremity edema (Tr. 752). Other than these infrequent occurrences, the record consistently shows that Plaintiff did not have swelling or edema in her lower extremities (Tr. 24, 316, 318, 347, 359, 369, 376, 388, 494, 519, 532, 543, 554, 603, 619, 625, 635, 642, 647, 811, 813-16, 835-36, 847-48, 858-59, 890, 895, 906, 1058, 1143, 1173).

[DN 25 at 6].

### Plaintiff's second argument is unpersuasive.

Second, Plaintiff argues that "the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to adequately consider Plaintiff's subjective complaints." [DN 19-1 at 14]. The argument is unpersuasive for three reasons.

---

[1] In this case, the Commissioner's one-time examining source, Dr. Sepulveda, and the Commissioner's non-examining program physician, Dr. Saranga, (both tasked with evaluating what Plaintiff can still do despite her impairments) did **not** opine a medical need for leg elevation during the workday.

First, the argument does not specify which "subjective complaints" the ALJ allegedly failed to consider. Therefore, the argument is waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.").

Second, to the extent the argument is that the ALJ failed to consider Plaintiff's subjective complaints regarding her alleged need to elevate her legs, the argument is unpersuasive for the same reasons discussed in connection with Plaintiff's first argument.

Third, the ALJ found that, although Plaintiff suffers from impairments capable of causing the subjective complaints alleged, the medical evidence alone does not confirm the degree of limitation alleged, and the medical and nonmedical evidence support the ALJ's RFC determination. [DN 15 at 23]. In these circumstances, reviewing courts are reluctant to second guess an ALJ's evaluation of subjective complaints. *Shepard v. Comm'r*, 705 F. App'x 435, 442 (6th Cir. 2017) ("An administrative law judge's [pain] credibility findings are virtually unchallengeable absent compelling reasons.")

## Order

Because Plaintiff's two arguments are unpersuasive and the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence, the Commissioner's final decision is hereby AFFIRMED, and Plaintiff's complaint is DISMISSED.

June 11, 2021

*[signature]*

Lanny King, Magistrate Judge
United States District Court